## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**SECURITIES AND EXCHANGE COMMISSION,**

   *Plaintiff/Petitioner,*

   **v.**

**MICHAEL N. GROSSO,**

   *Defendant/Respondent.*

Docket No.:

### APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933 AND SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934 <u>ENFORCING COMPLIANCE WITH COMMISSION ORDER</u>

NOW COMES Plaintiff Securities and Exchange Commission (the "Commission"), by and through its counsel, Christopher R. Thomson, which respectfully applies to this Court for the entry of a judgment enforcing compliance by the Defendant Michael N. Grosso ("Grosso") with a final Commission order entered against him on May 20, 2015 (the "Commission Order"), which, in part, required Grosso to pay disgorgement of $27,500, together with prejudgment interest, and further requiring Grosso to pay a civil money penalty of $750,000, and states as follows:

### <u>INTRODUCTION</u>

1.   The Commission seeks by this action to enforce the Commission order, which found that Grosso willfully violated:

   a.   Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a);

b.      Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"),

15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

2.      Grosso has not complied with the Commission Order in that he has not paid the

disgorgement, prejudgment interest, or civil money penalty, imposed on him by the Commission

Order.

**PARTIES**

3.      The Commission is an agency of the United States Government.    The

Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.      Grosso is 61 years old and a resident of Easton, Connecticut.  Grosso was not an

employee or officer of Spectrum Concepts, LLC ("Spectrum") during offering period, but was

recruited by Donald James Worswick ("Worswick"), to help offer and sell fraudulent

investments to investors.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act,

15 U.S.C. §§ 77t(c) and 77v(a) and Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C.

§§ 78u(e)(1) and 78aa(a).

6.      Venue lies in the District of Connecticut under Section 22(a) of the Securities Act,

15 U.S.C. § 77v(a) and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), in that Grosso is

"found" or is inhabitant of, or is resident of and transact business within the District of

Connecticut.

**STATEMENT OF RELEVANT FACTS**

7.      On January 23, 2015, the Commission, deeming it appropriate and in the public

interest, instituted public administrative and cease-and-desist proceedings against Grosso

pursuant to Section 8A of the Securities Act, 15 U.S.C. § 77h-1 and Section 21C of the

Exchange Act, 15 U.S.C. § 78u-3.

8.      Grosso did not file a petition for review of the initial decision in the proceeding in

the time allotted; therefore the Commission Order became effective May 20, 2015.

9.      In the Commission Order the Commission found, in summary, that Grosso,

working with Worswick, offered and sold fraudulent investments to at least five elderly

investors. Specifically:

> a.      Between approximately May 2012 and October 2012, Worswick and Grosso offered and sold "Private Joint Venture Credit Enhancements Agreements" ("Enhancements Agreements") that were represented to investors as funds that would be placed by Spectrum in "private funding projects" and used to "set up" a "credit facility" and a "trade slot" that would then be "blocked" for the benefit of a "trade platform",  and that investors would earn returns ranging from 900% in 20 days to 4,627% annually;

> b.      Grosso, along with Worswick, reviewed, edited, and disseminated documents on behalf of Spectrum and communicated with investors regarding their investments and returns;

> c.      Grosso represented himself to investors as an agent or representative of Spectrum and communicated via letters regarding the investments details;

> d.      The scheme was a blatant fraud and the "private funding projects", "credit facilities", and "trade slots" described in the Enhancement Agreements did not exist; and

> e.      $465,000 investor funds were raised in the scheme, with around $265,000 returned to investors who had second thoughts. The remainder of the $200,000 was largely misappropriated by Worswick for his own purposes or to pay portions to others.

> f.      Worswick paid Grosso a total of between $27,500 of the ill-gotten investor funds.

10.     The Commission Order found that as a result of this conduct Grosso:

> a.      Willfully violated Section 5(b) and Section 5(c) of the Securities Act, 15 U.S.C. § 77q(a), which prohibit any person, directly or indirectly, making

use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security for which a registration statement is not in effect or to offer to sell a security for which a registration statement has not been filed;

b.     Willfully violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), which prohibits fraudulent conduct in the offer or sale of securities; and

c.     Willfully violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, which prohibit fraudulent conduct in connection with the purchase or sale of securities.

11.     The Commission Order directed that Grosso cease and desist from committing or causing any violations and any future violations of Section 5(b) and Section 5(c), 15 U.S.C. § 77q(a), Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

12.     The Commission Order required Grosso to pay disgorgement, representing profits gained and/or losses avoided as a result of the conduct described in the Order, of $27,500, and prejudgment interest.  The Commission Order required Brown to pay a civil money penalty of $750,000.

13.     Grosso has not made any payment on the disgorgement and prejudgment interest as required by the Commission Order, and he has not made any payment on the civil money penalty, and the same, together with additional interest, remain due and owing.

## ARGUMENT

14.     Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

Upon application of the Commission, the district courts of the United States … shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this title or any order of the Commission made in pursuance thereof.

15.     Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders

commanding (1) any person to comply with the provisions of this title, the rules, regulations, and orders thereunder….

16.     These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

17.     Under these provisions, the Commission "may ... seek ... 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011).   These provisions vest the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

18.     Proceedings under these provisions are summary in nature.   *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).   In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

19.     In such proceedings Grosso may not challenge the validity of the order the Commission seeks to enforce in such proceedings.   *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006).   "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

21.     These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint.   *SEC v. Stoecklein*, 2015 WL

6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

22.     This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

### I.

That the Court issue an Order to Show Cause directing Grosso to appear  and show cause why the Court should not enter a judgment enforcing the Commission Order.

### II.

That after a hearing the Court enter a judgment enforcing the Commission Order by requiring Grosso to pay disgorgement of $27,500 and prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, and postjudgment interest pursuant to 28 U.S.C. § 1961.

### III.

That after a hearing the Court enter a judgment enforcing the Commission Order by requiring Grosso to pay a civil money penalty of $750,000 and interest thereon pursuant to 31 U.S.C. § 3717, and postjudgment interest pursuant to 28 U.S.C. § 1961.

### IV.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

### V.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

## VI.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## VII.

That the Court order such other and further relief as may be just and proper.

Dated:        Washington, DC
               April 19, 2019          Respectfully Submitted,

                                      /s/ Christopher R. Thomson
                                      Christopher R. Thomson
                                      U.S. Securities and Exchange Commission
                                      100 F Street, NE, Mail Stop 5631
                                      Washington, DC 20549
                                      Tel: 202-551-6173
                                      Email: ThomsonC@sec.gov